**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>HC LIQUIDATING, INC.<br><br>Debtor.[1] | Chapter 7<br><br>Case No. 23-10259 (TMH)<br><br>**Hearing date: October 26, 2026 at 11:00 a.m. (ET)**<br>**Objections Due: September 18, 2026 at 4:00 p.m. (ET)** |
| Don A. Beskrone, Chapter 7 Trustee for HC LIQUIDATING, INC.,<br><br>Plaintiff,<br><br>v.<br><br>Frontline Services II, Inc.,<br><br>Defendant. | Adv. Proc. No: 25-50370-TMH |

**MOTION OF DON A. BESKRONE, CHAPTER 7 TRUSTEE, TO APPROVE SETTLEMENT OF CERTAIN CHAPTER 5 CLAIMS PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 9019**

Don A. Beskrone, the Chapter 7 trustee (the "Trustee") of the estate of the above-captioned debtor (the "Debtor"), by and through his undersigned counsel, hereby moves (the "Motion"), pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure for approval of settlement of certain claims for avoidance and recovery of allegedly preferential or fraudulent transfers pursuant to chapter 5 of the Bankruptcy Code (as hereinafter defined). In support thereof, the Trustee respectfully states as follows:

**JURISDICTION AND VENUE**

1. The Bankruptcy Court (as hereinafter defined) has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334. The subject matter of this Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(a). Venue is proper in this district pursuant to 28 U.S.C. § 1408.

[1] The last four digits of the Debtor's federal tax identification numbers are 0487. The Debtor's mailing address is 1001 Wilshire Boulevard PMB 2196, Los Angeles, California, 90017.

2. The statutory predicates for the relief requested herein are Federal Rule of Bankruptcy Procedure 9019 ("Rule 9019") and section 363(b) of title 11 of the United States Code (the "Bankruptcy Code").

3. Pursuant to Local Bankruptcy Rule 9013-1 (f), the Trustee consents to the entry of final orders or judgments by the Court if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

**BACKGROUND**

4. On February 24, 2023, (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code [D.I. 1] in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court").

5. On August 11, 2023, the Debtor filed a motion to convert the Debtor's chapter 11 case to a case under chapter 7 of the Bankruptcy Code. [D.I. 428]. The Bankruptcy Court entered an Order on August 29, 2023 (the "Conversion Order") converting this case to a case under chapter 7 (the "Case"). [D.I. 462].

6. On September 8, 2023, the United States Trustee for the District of Delaware appointed Don A. Beskrone to serve as the Interim Chapter 7 Trustee in this Case. [D.I. 482]. On October 31, 2023, a meeting of creditors pursuant to 11 U.S.C. § 341 was held and concluded. Mr. Beskrone thus serves as the Trustee of the Debtor and its estate pursuant to 11 U.S.C. § 702(d).

7. The Trustee is in the process of investigating the Debtor's assets with the intent of maximizing value for the benefit of creditors.

8. The Trustee and his professionals have reviewed transfers made by the Debtor on or within the 90 days before the Petition Date (the "Preference Period") and have identified potential claims (the "Claims") to avoid and recover certain transfers pursuant to sections 547, 548

and 550 of the Bankruptcy Code. The Trustee issued a number of demand letters (the "Demand Letters") and/or filed a number of complaints ("Complaints") with respect to the Claims.

9. Subsequent to issuing the Demand Letters and/or filing the Complaints, the Trustee engaged in discussions and/or settlement communications with Frontline Services II, Inc. ("Frontline" or the "Settling Party"). After review and analysis of the positions and/or defenses set forth by the Settling Party, and after good faith, arms-length negotiations, the Trustee and Settling Party have agreed to settle (the "Settlement") the Trustee's Claims against the Settling Party in accordance with the terms summarized below and set forth in the settlement agreement (the "Settlement Agreement") attached hereto as **Exhibit A**. By this Motion, the Trustee seeks approval of the Settlement pursuant to Fed. R. Bankr. P. 9019(a).

## BASIS FOR RELIEF

10. Rule 9019 of the Federal Rules of Bankruptcy Procedure provides that after notice and a hearing, the Court may approve a proposed settlement or compromise. The decision whether to accept or reject a compromise lies within the sound discretion of the Court. *In re Neshaminy Office Bldg. Assocs.*, 62 B.R. 798, 803 (E.D. Pa. 1986); *In re Resorts International, Inc.,*, 145 B.R. 412, 451 (Bankr. D.N.J. 1990). Approval of a settlement is appropriate if it is "fair, reasonable, and in the interest of the estate." *In re Louise's, Inc.*, 211 B.R. 798, 801 (D. Del. 1997).

11. When analyzing settlements, Courts in the Third Circuit generally consider:

(i) the probability of success in litigation;

(ii) the likely difficulties in collection;

(iii) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and

(iv) the paramount interest of the creditors.

12. *See Fry's Metals, Inc. v. Gibbons (In re RFE Indus., Inc.)*, 253 F.3d 159 (3d Cir.

2002); *In re Martin*, 91 F.3d 389, 392 (3d Cir. 1996). To approve a settlement under Rule 9019, the Court need only determine that the proposed settlement meets the lowest level of reasonableness. *In re Pennsylvania Truck Lines, Inc.*, 150 B.R. 595, 598 (E.D. Pa. 1992), *aff'd*, 8 F.3d 812 (3d Cir. 1993)

**RELIEF REQUESTED**

13. The Trustee respectfully requests approval of Settlement of the Trustee's Claims against the Settling Party.

14. The Trustee's demand against Frontline was for $31,566.00 and the claim was resolved for a settlement amount of $8,300.00 after considering Frontline's positions and potential defenses pursuant to section 547(c) of the Bankruptcy Code. A copy of the Trustee's Settlement Agreement with Frontline is attached hereto as Exhibit A.

15. The Trustee respectfully submits that the terms of the Settlement Agreement satisfy the criteria for approval under Rule 9019. First, the Trustee negotiated at arms-length with the Settling Party. The Trustee believed that he stated meritorious claims against the Settling Party. However, there was attendant risk and cost associated with pursuing the claims, and no assurance that the Bankruptcy Court would find in favor of the Trustee for all or a significant portion of the amounts sought. In light of the foregoing, the Trustee believes in his business judgment the Settlement represents a reasonable and fair resolution of the Claims.

16. The second criterion – the likely difficulties in collection – also favors settlement. It is uncertain whether there would be difficulty in collecting any judgment entered against the Settling Party. However, the Settlement removes uncertainty of collection as the Settling Party has furnished, or promised to furnish, the consideration for settlement as a condition of settlement.

17. The third criterion also favors settlement. Settlement will enable the Trustee and the Settling Party to save the time and expense associated with litigation of the Claims.

18. Finally, the Settlement is in the best interests of creditors as the Debtor's estate will receive benefits from the Settlement as a result of the settlement payment by the Settling Party.

**NOTICE**

19. Notice, together with a copy of this Motion, has been given to (i) the Office of the United States Trustee; (ii) Counsel to the Settling Party; (iii) all parties in interest having requested notice in the Debtor's Case pursuant to Federal Rule of Bankruptcy Procedure 2002 as of the date hereof (the "Notice Parties"). The Trustee respectfully submits that such notice is appropriate under the circumstances and that no further notice need be given.

WHEREFORE, the Trustee respectfully requests that the Court enter an order substantially in the form attached hereto, (i) granting this Motion, (ii) authorizing and approving the Settlement and Settlement Agreement, and (iii) granting such other and further relief as the Court may deem just and proper.

Dated: September 4, 2026

**ASHBY & GEDDES, P.A.**

*/s/ Benjamin W. Keenan*
Ricardo Palacio (DE Bar No. 3765)
Benjamin W. Keenan (DE Bar No. 4724)
500 Delaware Avenue, 8th Floor
Wilmington, Delaware 19899
Tel: (302) 654-1888
Email(s): bkeenan@ashbygeddes.com

*Counsel for Don A. Beskrone, Chapter 7 Trustee*